UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAROLE SAINT PIERRE, on her own
behalf and others similarly situated,

      Plaintiff,

v.

ANGELLCO, LLC DBA LE RIVAGE RESTAURANT,
Florida Limited Liability Company, and
PAUL COLLANGE, an individual,

      Defendants.
_____/

## COMPLAINT

1. Plaintiff, CAROLE SAINT PIERRE, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, ANGELLCO, LLC DBA LE RIVAGE RESTAURANT, Florida Limited Liability Company, and PAUL COLLANGE, an individual, (collectively referred to as "Defendants"), and brings this action on behalf of herself and other current and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiff performed non-exempt work as a laborer and related activities in Palm Beach County, Florida.

3. Plaintiff held various positions during her employment with Defendants.

4. Specifically, Plaintiff worked as a dishwasher, prep-cook, food preparer, certain busser duties, merchandise stocker, maintenance and cleaning of the restaurant, and activities related to the aesthetic of ANGELLCO, LLC DBA LE RIVAGE RESTAURANT (herein after "LE RIVAGE RESTAURANT").

5. Plaintiff also performed maintenance and cleaning duties at the residence of Defendant, PAUL COLLANGE, as part of her duties of being employed at LE RIVAGE RESTAURANT.

6. All work performed by Plaintiff during Plaintiff's working hours was for the benefit of Defendants.

7. At all times material hereto, Plaintiff and similarly situated employees were employees of Defendants within the meaning of the FLSA.

8. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

9. LE RIVAGE RESTAURANT is a restaurant/establishment which primarily engages in selling and serving to purchasers prepared food and beverages for consumption on or off the premises.

10. LE RIVAGE RESTAURANT caters food to its customers.

11. LE RIVAGE RESTAURANT delivers food to its customers.

12. LE RIVAGE RESTAURANT is an establishment that accepts all major credit cards as a form of payment.

13. The food and beverage purchased by LE RIVAGE RESTAURANT have traveled in interstate commerce.

14. LE RIVAGE RESTAURANT is present on the internet and markets itself to potential customers outside the state of Florida.

15. LE RIVAGE RESTAURANT is present on social media platforms for direct communication with potential customers inside and outside the state of Florida.

16. Plaintiff was employed by Defendants during the three year period preceding the filing of this lawsuit.

17. Plaintiff was routinely required to work Monday through Sunday during certain weeks of her employment.

18. Plaintiff regularly worked five (5) to six (6) days per week.

19. Plaintiff routinely worked eight (8) to ten (10) hour shifts prior to the 2020 coronavirus pandemic.

20. Plaintiff regularly worked between forty (40) to fifty (50) hours weekly.

21. Plaintiff routinely worked more than forty (40) hours weekly prior to the 2020 coronavirus pandemic.

22. Plaintiff routinely covered the shifts and duties of other employees upon request.

23. Plaintiff's hourly rate was $12.50 at the end of her employment with Defendants.

24. Defendants failed to compensate Plaintiff for all overtime hours worked during Plaintiff's employment.

25. Defendants paid Plaintiff straight time wages for hours worked during her employment.

26. Plaintiff's last date of employment was August 13, 2020.

27. Plaintiff worked for Defendants from 2007 through August 2020.

28. Defendants compensated Plaintiff randomly.

29. There was little correlation between the hours worked by Plaintiff and the compensation paid to Plaintiff by Defendants.

30. Irrespective of Plaintiff's work schedule, when required by Defendants, Plaintiff would work a double shift and/or continue to work until the next scheduled employee arrived or her task was completed.

31. Plaintiff worked more than forty (40) hours during certain weeks of her employment with Defendants.

32. During certain pay periods of Plaintiff's employment, Plaintiff would average five (5) to fifteen (15) hours of overtime weekly.

33. Defendants failed to compensate Plaintiff for all overtime hours worked.

34. Defendants failed to properly credit Plaintiff for all hours worked.

35. Defendants failed to properly record all the hours worked by Plaintiff.

36. Defendants would make improper deductions from Plaintiff's pay.

37. Defendants paid Plaintiff straight time wages for overtime hours worked.

38. Defendants selectively paid Plaintiff for her hours worked.

39. ANGELLCO, LLC DBA LE RIVAGE RESTAURANT, a Florida Limited Liability Company, is an entity that is in the food and beverage industry.

40. ANGELLCO, LLC DBA LE RIVAGE RESTAURANT is a restaurant that is open to the public in Boca Raton, Florida.

41. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint LE RIVAGE RESTAURANT was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

42. The services provided by LE RIVAGE RESTAURANT require Defendants to procure food, liquor, supplies, and equipment outside the state of Florida.

43. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

44. Plaintiff was individually engaged in commerce due to the nature of her work.

45. This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

46. At all times material hereto, individual Defendant, PAUL COLLANGE, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates LE RIVAGE RESTAURANT and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of LE RIVAGE RESTAURANT. By virtue of such control and authority, PAUL COLLANGE is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

47. PAUL COLLANGE interviewed and hired Plaintiff.

48. Plaintiff reported to PAUL COLLANGE throughout her employment.

49. PAUL COLLANGE was Plaintiff's supervisor,

50. PAUL COLLANGE is the owner of ANGELLCO, LLC DBA LE RIVAGE RESTAURANT.

51. PAUL COLLANGE managed the daily operations of ANGELLCO, LLC DBA LE RIVAGE RESTAURANT.

52. PAUL COLLANGE had the authority to hire and fire Plaintiff as well as manage her daily work schedule.

53. Plaintiff repeatedly requested for PAUL COLLANGE to pay her correctly for all hours worked and at time and one-half for her overtime hours worked.

54. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after December 2020, but were not properly paid for all hours worked in excess of forty (40) hours during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

55. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

56. Based upon information and belief, the annual gross sales volume of LE RIVAGE RESTAURANT was in excess of $500,000.00 per annum during the relevant time period.

57. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

58. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

59. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff.

### COUNT I, RECOVERY OF OVERTIME COMPENSATION

60. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 59 above.

61. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

62. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

63. Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

64. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

65. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, CAROLE SAINT PIERRE, and those similarly situated to her who have or will opt into this action, demand judgment, jointly and severally, against Defendants, ANGELLCO, LLC DBA LE RIVAGE RESTAURANT and PAUL COLLANGE, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated,

liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 31 day of December 2020

Respectfully submitted,

                                             **s/Maguene D. Cadet**
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff Carole Saint Pierre